**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE COUNTY OF HENRICO**
**CIVIL DIVISION**

COPY

**SHELIA R. SCOTT**

**Plaintiff,**

**v.**

**Civil Action No.**

**WALMART, INC.**
**LOCALITY: HENRICO COUNTY**
**c/o C. DOUGLAS MCMILLION, President**
**702 SW 8TH STREET**
**BENTONVILLE, AR 72716**

**SERVE:**
**C T CORPORATION SYSTEM, REGISTERED AGENT**
**4701 COX ROAD, SUITE 285**
**GLEN ALLEN, VIRGINIA 23060-6808**
**(HENRICO COUNTY)**

**and**

**WAL-MART STORES EAST, LP**
**LOCALITY: HENRICO COUNTY**
**d/b/a RICHMOND SUPERCENTER**
**a/k/a WALMART SUPERCENTER #2295**
**7901 BROOK ROAD**
**RICHMOND, VIRGINIA 23227**
**c/o C. DOUGLAS MCMILLION, President**
**702 SW 8TH STREET**
**BENTONVILLE, AR 72716**

**SERVE:**
**C T CORPORATION SYSTEM, REGISTERED AGENT**
**4701 COX ROAD, SUITE 285**
**GLEN ALLEN, VIRGINIA 23060-6808**
**(HENRICO COUNTY)**

**Defendants.**

**TO THE HONORABLE JUDGES**
**OF THE AFORESAID COURT:**

**COMPLAINT**

COMES NOW, Plaintiff Shelia R. Scott (hereinafter "Plaintiff Scott"), by counsel, and moves this Honorable Court for a Judgment and Award of Execution against defendants Walmart, Inc.

EXHIBIT A

(hereinafter "Walmart") and Wal-Mart Stores, LP, also known as Richmond Supercenter doing business as Walmart Supercenter #2295, (hereinafter "Walmart Supercenter"), located at 7901 Brook Road, Richmond, Virginia 23227, in the County of Henrico, Virginia, in the sum of FIVE HUNDRED THOUSAND DOLLARS AND 00/100 ($500,000.00), representing compensatory damages for the following reasons, to-wit:

1. Defendant Walmart is a corporation authorized to transact business in the Commonwealth of Virginia.

2. Defendant Walmart Supercenter is a Limited Partnership authorized to transact business in the Commonwealth of Virginia.

3. As the owner and operator of Walmart and Walmart Supercenter, places of business to which the general public are invited, defendants, its agents, and employees had a duty to maintain the premises, located at 7901 Brook Road, Richmond, Virginia 23227, in a reasonably safe condition; to make reasonable inspections to determine whether any latent defects existed; and to warn the public of any such latent defects known to it, its agents and employees.

4. Notwithstanding said duty, defendants, its agents and employees negligently allowed standing water to remain on the store floor near the main entrance to which patrons of the store customarily are required to encounter, that either the defendants, its agents and employees knew, or in the exercise of reasonable care, should have known that a trail of standing water would and did exist.

5. On or about September 12, 2022, at approximately 7:20 p.m., Plaintiff Scott was a customer at Walmart at 7901 Brook Road, Richmond, Virginia in Henrico County. Shortly after entering the store, she slipped and fell on a trail of water. It rained on the date of this incident creating hazardous conditions within the store. However, Walmart failed, under the circumstances, to take remedial measures to prevent or eliminate injury to its customers as required for compliance with applicable laws. As a direct and proximate result of defendants' negligence, plaintiff sustained serious injuries through no fault of her own.

6. Defendants were negligent by:

1) Failing to warn the Plaintiff or other patrons of a dangerous condition existing on the floor;
2) Failing to remove a hazardous condition after having knowledge of the hazardous condition;
3) Failing to maintain the premises in a reasonably safe condition; and,
4) Failing to routinely inspect the floor space open to invited guests knowing the rainy conditions that existed at or near the entrance.

7. As a direct result of her fall, Plaintiff Scott has been forced to incur substantial medical and hospital bills in an effort to be cured of her injuries; has suffered and continues to suffer severe physical pain and mental anguish; and has been prevented from attending to her business and personal affairs for an extended period of time.

WHEREFORE, Plaintiff, Shelia R. Scott, demands judgment against defendant Walmart in the amount of $500,000.00 and her costs expended in this action.

A trial by jury is demanded.

By Counsel

Arnold R. Henderson, Esquire (VSB# 24542)
**ARNOLD HENDERSON & ASSOCIATES**
116 East Franklin Street, Suite 102
Richmond, Virginia 23219
(804) 644-9600
(804) 644-9603-Fax
E-Mail: ahenderson@arnoldhenderson.com
*Attorney for Plaintiff*

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE COUNTY OF HENRICO**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **SHELIA R. SCOTT**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WALMART, INC.**<br>**LOCALITY: HENRICO COUNTY**<br>**c/o C. DOUGLAS MCMILLION**<br>**702 SW 8TH STREET**<br>**BENTONVILLE, AR 72716**<br><br>**SERVE:**<br>**C T CORPORATION SYSTEM, REGISTERED AGENT**<br>**4701 COX ROAD, SUITE 285**<br>**GLEN ALLEN, VIRGINIA 23060-6808**<br>**(HENRICO COUNTY)**<br><br>**and**<br><br>**WAL-MART STORES EAST, LP**<br>**LOCALITY: HENRICO COUNTY**<br>**d/b/a RICHMOND SUPERCENTER**<br>**a/k/a WALMART SUPERCENTER #2295**<br>**7901 BROOK ROAD**<br>**RICHMOND, VIRGINIA 23227**<br>**c/o C. DOUGLAS MCMILLION**<br>**702 SW 8TH STREET**<br>**BENTONVILLE, AR 72716**<br><br>**SERVE:**<br>**C T CORPORATION SYSTEM, REGISTERED AGENT**<br>**4701 COX ROAD, SUITE 285**<br>**GLEN ALLEN, VIRGINIA 23060-6808**<br>**(HENRICO COUNTY)**<br><br>**Defendants.** | ) | **Civil Action No.** |

**REQUEST FOR ADMISSIONS**

Plaintiff, Shelia R. Scott, ("Plaintiff Scott), by counsel, and pursuant to Rule 4:11 of the Rules of the Supreme Court of Virginia, calls upon defendants, Walmart and Walmart Supercenter, as entities transacting business in the Commonwealth of Virginia, to make the following admissions within twenty-eight (28) days after service hereof.

1. Admit or deny that defendant Walmart was the owner and operator of Walmart Supercenter #2295 at 7901 Brook Road, Richmond, VA on September 12, 2022 at or around 7:20 p.m.

**ANSWER:**

2. Admit or deny that defendant Walmart Supercenter was the owner and operator of Walmart Supercenter #2295 at 7901 Brook Road, Richmond, VA at or around 7:20 p.m. on September 12, 2022.

**ANSWER:**

3. Admit or deny that defendants Walmart and Walmart Supercenter are authorized to transact business in the Commonwealth of Virginia.

**ANSWER:**

4. Admit or deny that on September 12, 2022 at around 7:20 p.m. Plaintiff Scott entered Walmart Supercenter #2295 at 7901 Brook Road in Henrico County, Virginia.

**ANSWER:**

5. Admit or deny that Plaintiff Scott had no alternative means to gain access into the aforementioned Walmart Supercenter at or around 7:20 p.m. on September 12, 2022.

**ANSWER:**

6. Admit or deny that on the incident date, time and location referenced herein that the it was raining and that the Walmart Supercenter floors were wet.

**ANSWER:**

7. Admit or deny that Walmart Supercenter failed to provide any reasonable warning to its business invitees regarding the hazardous floor conditions.

**ANSWER:**

8. Admit or deny that Walmart Supercenter employees maintained and documented a maintenance inspection log to ensure the property was kept safe for its customers.

**ANSWER:**

9. Admit or deny that Walmart Supercenter employees failed to maintain a maintenance log regarding safety inspections.

**ANSWER:**

10. Admit or deny that Plaintiff Scott fell in Walmart Supercenter #2295 on September 12, 2022.

**ANSWER:**

11. Admit or deny that Plaintiff Scott reported her fall to Walmart Supercenter #2295 staff on the date of incident.

12. Admit of deny that Walmart Supercenter #2295 employees created an incident report regarding Plaintiff Scott's fall.

**ANSWER:**

13. Admit or deny that no third party and/or "John Doe" not named caused or contributed to this accident sued upon.

**ANSWER:**

14. Admit or deny that Plaintiff Scott did not in any way contribute to the fall alleged in this Complaint.

**ANSWER:**

15. Admit or deny that Plaintiff Scott did not in any way assume the risk of her injuries.

**ANSWER:**

16. Admit or deny that the sole cause of the accident complained of in the Complaint is due to the negligence Walmart Supercenter #2295.

**ANSWER:**

17. Admit or deny that Plaintiff Scott was injured as a result of her fall.

**ANSWER:**

18. Admit or deny that Plaintiff Scott had the right to enter Walmart Supercenter #2295 as a business invitee at the time of this incident.

**ANSWER:**

19. Admit or deny whether Walmart Supercenter #2295 investigated Plaintiff Scott's fall after it was reported.

**ANSWER:**

20. Admit or deny whether Walmart Supercenter #2295 either had or has maintained video footage of Plaintiff Scott's fall in connection with this incident.

**ANSWER:**

21. Admit or deny whether Walmart Supercenter #2295 staff warned customers that the floors were wet in the store's front at or near the space between the cash registers and customer service.

**ANSWER:**

22. Admit or deny whether Walmart Supercenter #2295 took any action whatsoever to warn customers of wet floors on the date of incident.

**ANSWER:**

By Counsel

Arnold R. Henderson, Esquire (VSB# 24542)
**ARNOLD HENDERSON & ASSOCIATES**
116 East Franklin Street, Suite 102
Richmond, Virginia 23219
(804) 644-9600
(804) 644-9603-Fax
E-Mail: ahenderson@arnoldhenderson.com
*Attorney for Plaintiff*

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE COUNTY OF HENRICO**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **SHELIA R. SCOTT**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WALMART, INC.**<br>**LOCALITY: HENRICO COUNTY**<br>**c/o C. DOUGLAS MCMILLION**<br>**702 SW 8TH STREET**<br>**BENTONVILLE, AR 72716**<br><br>**SERVE:**<br>**C T CORPORATION SYSTEM, REGISTERED AGENT**<br>**4701 COX ROAD, SUITE 285**<br>**GLEN ALLEN, VIRGINIA 23060-6808**<br>**(HENRICO COUNTY)**<br><br>**and**<br><br>**WAL-MART STORES EAST, LP**<br>**LOCALITY: HENRICO COUNTY**<br>**d/b/a RICHMOND SUPERCENTER**<br>**a/k/a WALMART SUPERCENTER #2295**<br>**7901 BROOK ROAD**<br>**RICHMOND, VIRGINIA 23227**<br>**c/o C. DOUGLAS MCMILLION**<br>**702 SW 8TH STREET**<br>**BENTONVILLE, AR 72716**<br><br>**SERVE:**<br>**C T CORPORATION SYSTEM, REGISTERED AGENT**<br>**4701 COX ROAD, SUITE 285**<br>**GLEN ALLEN, VIRGINIA 23060-6808**<br>**(HENRICO COUNTY)**<br><br>**Defendants.** | ) | **Civil Action No.** |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Pursuant to Rule 4:8 of the Rules of the Supreme Court of Virginia, Plaintiff Shelia R. Scott, by counsel, call on the defendants Walmart and Walmart Supercenter to file answers, in writing and under

oath, to the following Interrogatories, amending them as additional information becomes available, and to serve a true copy thereof on plaintiff's counsel within twenty-eight (28) days after service hereof.

INSTRUCTIONS

a. These Interrogatories are continuing in character so as to require you to file supplementary Answers if you should obtain further or different information before trial.

b. "Person" shall mean the plural as well as the singular and shall include any natural person, corporation, partnership, joint venture, association, government agency and every other form of entity cognizable at law.

c. "Identity" and "identify" when used in reference to an individual person means to state the full name, relationship to you, present or last known home and business addresses, home and business telephone numbers, and the present or last known position and business affiliation of such person.

d. Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the Complaint.

e. "You" and "your" means the defendant, his agents, employees, representatives, experts, investigators, insurers, attorneys, or anyone acting on behalf of the foregoing.

f. The phrase "state the facts" with respect to a specified matter shall mean to state each and every act, omission, incident, event, condition, or circumstance pertinent to the matter.

g. With respect to your answer to each Interrogatory, state the source of the information given therein with as much particularity as is reasonably possible, including the identity of each person or document providing the information included in such answer. In addition, identify each other person known or believed to have some or all of the information provided in such Answer. Whenever you do not have knowledge of or access to the requested information, please identify the person who or identity which can provide such information.

h. All Interrogatories should be answered on the basis of defendants' knowledge or information and belief, including that learned through hearsay, and including the person mentioned about in clause "e".

i. If you cannot answer an Interrogatory after conducting a reasonable investigation, you should so state and answer to the extent that you can, stating what information you do have, what information you cannot provide, and what efforts you have made to obtain the unknown, requested information.

j. "Documents" means any written, recorded or graphic matter, however produced or reproduced, and whether or not claimed to be privileged against discovery on any grounds, including but not limited to, statements, reports, records, lists, memoranda, telegrams, correspondence, schedules, photographs, videotapes, sound recordings, microfilm, microfiche, files and information stored in computers or other data or word processing equipment.

k. If you believe that any of the following discovery requests call for information or documents subject to a claim of privilege, answer or produce as much as is not objected to, state that part of each discovery request as to which you raise objection and set forth the basis for your claim of privilege with respect to such information as you refuse to give, including a statement identifying the nature of the information withheld; for each document as to which you claim privilege, state the date and subject matter for the document, the names of the persons who prepared the document and the names of the persons for whom the document was intended.

l. State the name, address, named insurer, policy number and policy limits of any liability carriers that afforded coverage to Walmart and Walmart Supercenter #2295 on September 12, 2022 at or around 7:20 p.m.

a. For each policy listed, state the name and address of the named insured and of the insurance company, the policy number, the policy period and the limits of the liability coverage.

b. If there is any questionable liability insurance coverage, state the basis for denying or questioning the coverage that might otherwise be afforded.

c. State your companies' full names and all names by which your companies have been known, and all relevant addresses.

**ANSWER:**

2. State the name, address and telephone number of all eyewitnesses to the accident sued upon.

**ANSWER:**

3. State the name, address, and telephone number of each person (not an eyewitness) who saw, heard or have any knowledge of events leading up to or concerning the incident in question, either interviewed or known by you or your company, any insurance carriers affording coverages, or counsel, and any other witness(es) you plan to call to testify at trial.

**ANSWER:**

4. Identify all persons you may call as a witness at trial having knowledge of the injuries sustained by the plaintiff or the plaintiff's pre-accident or post-accident health, physical condition, activity or limitations.

**ANSWER:**

5. Identify any and all statements made by the plaintiff concerning the sued upon accident or the plaintiff's injuries and state each person to whom such statements were made or in whose presence they were made.

**ANSWER:**

6. Identify each expert obtained or retained in anticipation of litigation or for trial and whom you expect to call as a witness for trial and for each person identified state the subject matter on which he is expected to testify, the substance of the facts and his opinions and a summary of the grounds of each opinion.

**ANSWER:**

7. Identify any photographs, cell phone footage, employee statements, incident reports, investigative reports, motion pictures, video tapes, maps, plats, plans, drawings, exhibits, maintenance logs, store manual regulating safety precautions in connection with customer safety and models of the

location of the occurrence, witnesses, parties, property, machinery involved in this occurrence which are in your possession, to which you have or had access to or of which you have knowledge. In answering this Interrogatory:

a. List each such item describing its subject matter;
b. Dates or dates upon which they were taken and by whom taken;
c. The identity of the person who now has custody or possession of the item identified.

**ANSWER:**

8. State in your own words a narrative of or exactly how you recall the incident happening. In answering this interrogatory:

a. Identify any warning signs and posted notices at the incident location.
b. Describe the weather, floor surface just inside the front entrance between cash registers and customer service at the incident location.
c. Describe why the store floor in the aforementioned area was wet.
d. State whether any Walmart Supercenter staff member was notified of the wet floor, when and how they were notified and if there are any written reports of water on the entrance foyer floor either prior to or after Plaintiff Scott's fall.
e. Describe Walmart and Walmart Supercenter's policies, rules, procedures and regulations regarding water on its flooring in highly traveled customer areas.

**ANSWER:**

9. State each of your defenses including any affirmative defenses and the facts you will rely upon to support the defenses asserted in your Answer; if you contend that the plaintiff was guilty of negligence or someone besides your companies caused or contributed to this incident, then state all facts upon which support your allegations.

**ANSWER:**

10. State all facts you rely upon to support your denial of any allegation contained in plaintiff's Complaint.

**ANSWER:**

11. For each Request for Admission not unqualifiedly admitted, please set forth in detail all facts and reasons for such denial or qualification.

**ANSWER:**

12. If you claim the existence of any flooring problems or defects in workmanship relate to Plaintiff Scott's fall, please describe such problems or defects in detail and if so:

a. The name of the business, address and date Walmart Supercenter #2295 was last inspected, particularly in regard to the incident in question.
b. The name of the business, address and date flooring repairs either before or after Plaintiff Scott's fall.
c. The date you first noticed Walmart Supercenter #2295 or were placed on notice that Walmart Supercenter #2295 had any flooring problems or defects either before, prior to or after Plaintiff Scott's fall.

**ANSWER:**

13. Were you charged with a violation of any ordinance, regulation or statute in connection with this incident, giving rise to this suit? If so, state the offense with what you were charged, the court hearing the matter, the date of hearing(s), and your plea to the charge. If applicable, please also identify the stenographer and/or stenograph service, which transcribed or recorded any trial, hearing or court proceeding held in conjunction with this occurrence.

**ANSWER:**

14. If you contend that any of the plaintiff's medical treatment or claimed medical expense was/is unreasonable in nature or amount, was not medically necessary, or was not the proximate result of the injury sustained by the plaintiff in the subject accident, please identify the specific treatment and/or bill(s) as to which you make such a contention, describe in complete detail the basis for your contention, and identify all documents, evidence, and/or expected testimony that supports your contention.

**ANSWER:**

15. Have there been any other slip-and-fall accidents at Walmart Supercenter #2295 within the last five years, aside from the incident at the center of this civil suit? If yes, please indicate the date, names of people involved, nature of the situation, and any litigation information (if any) for such events.

**ANSWER:**

16. Please indicate any insurance plans for either Walmart or Walmart Supercenter #2295 which may recoup losses incurred as a result of this accident.

**ANSWER:**

17. Please give out the full name, address, title, and contact information of any employee inside the building or surrounding area at the time of the occurrence, to include witnesses and any employee with direct contact with Plaintiff Scott.

**ANSWER:**

18. Please state the name, address, and job title of any employee or agent of these defendants from whom Plaintiff asked for assistance or who came to Plaintiff Scott's aid after her fall on September 12, 2022.

**ANSWER:**

19. Identify any document written, created, filled in, produced, or utilized by the defendants to document the slip and fall incident suffered by Plaintiff Scott on September 12, 2022.

**ANSWER:**

20. Do you have any cell phone footage, police footage, videos, images, diagrams, or sketches related to this incident? If so, please describe the item's nature as well as its present location and/or steward.

**ANSWER:**

21. When was the last time Walmart Supercenter #2295 staff inspected the flooring for standing water on the date in question at the aforementioned location before Plaintiff Scott's fall? How many times was the area inspected prior to the fall?

**ANSWER:**

22. Please specify an estimated day and time, as well as the name(s) of the person(s) in charge of such store maintenance, particularly the store main front area on the date in question at the aforementioned location.

**ANSWER:**

23. Please specify any caution, warning, "slippery floor," or other pertinent notices posted in the location in which the incident happened, particularly their size, text, and precise placement. Provide a photo of any such warnings placed at or near the store's main front entrance on September 12 2022 at around 7:20 p.m., if available.

**ANSWER:**

24. Please provide the information about the flooring surface where the incident happened: material/type, date of installation, and identity of installation entity.

**ANSWER:**

25. Please state the name and address of any outside third-party entity or individual hired by the defendants who were responsible for maintenance of the premises at Walmart Supercenter #2295 on September 12, 2022 at around 7:20 p.m.

**ANSWER:**

26. Please state the name of any company or entity which owns, operates, controls, or has any interest in these defendants.

**ANSWER:**

27. Please state the name of any company or entity which owns, operates, controls, or has any interests the companies identified in the previous Interrogatory.

**ANSWER:**

28. Please state whether any corporation or entity, not previously mentioned in these Interrogatories, is the proper party to be sued for acts of negligence committed by the defendants, its employees, or its agents.

**ANSWER:**

29. Identify each retained expert witness, including employees of the defendants, whom you expect to call at trial to provide expert witness opinion testimony. For each witness, please state the following: A. The expert's full name; B. The expert's full address; C. The expert's occupation; D. The expert's place of employment; E. The expert's qualifications to give an expert opinion. F. The general nature and subject matter on which the expert is expected to testify; G. The expert's hourly deposition fee; and H. Please attach a copy of the expert's curriculum vitae.

**ANSWER:**

30. Was any employee or agent of the defendants disciplined or reprimanded in any way, or terminated, as a result of slip and fall incident suffered by Plaintiff on September 12, 2022? If so, please state: A. The name, address, and job title of the individual disciplined; B. The name, address and job title of the individual who was responsible for handing down the discipline; C. What the discipline was (i.e. time-off without pay, demotion, termination, cancellation of contract, etc.); D. The date the discipline took place; and E. The name of any person who was present when the discipline took place.

**ANSWER:**

These Interrogatories shall be deemed continuing under the provisions of Rule 4:1 (e) so as to require reasonable supplementation to answers if you or anyone acting on your behalf obtains further information required to be furnished under the answers to any of the foregoing Interrogatories.

By Counsel

Arnold R. Henderson, Esquire (VSB# 24542)
**ARNOLD HENDERSON & ASSOCIATES**
116 East Franklin Street, Suite 102
Richmond, Virginia 23219
(804) 644-9600
(804) 644-9603-Fax
E-Mail: ahenderson@arnoldhenderson.com
*Attorney for Plaintiff*

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE COUNTY OF HENRICO**
**CIVIL DIVISION**

| | |
|---|---|
| **SHELIA R. SCOTT**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WALMART, INC.**<br>**LOCALITY: HENRICO COUNTY**<br>**c/o C. DOUGLAS MCMILLION**<br>**702 SW 8TH STREET**<br>**BENTONVILLE, AR 72716**<br><br>**SERVE:**<br>**C T CORPORATION SYSTEM, REGISTERED AGENT**<br>**4701 COX ROAD, SUITE 285**<br>**GLEN ALLEN, VIRGINIA 23060-6808**<br>**(HENRICO COUNTY)**<br><br>**and**<br><br>**WAL-MART STORES EAST, LP**<br>**LOCALITY: HENRICO COUNTY**<br>**d/b/a RICHMOND SUPERCENTER**<br>**a/k/a WALMART SUPERCENTER #2295**<br>**7901 BROOK ROAD**<br>**RICHMOND, VIRGINIA 23227**<br>**c/o C. DOUGLAS MCMILLION**<br>**702 SW 8TH STREET**<br>**BENTONVILLE, AR 72716**<br><br>**SERVE:**<br>**C T CORPORATION SYSTEM, REGISTERED AGENT**<br>**4701 COX ROAD, SUITE 285**<br>**GLEN ALLEN, VIRGINIA 23060-6808**<br>**(HENRICO COUNTY)**<br><br>**Defendants.** | **Civil Action No.** |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

The Plaintiff, Shelia R. Scott, by counsel, calls upon the defendants Walmart and Walmart Supercenter #2295, to produce the following documents at Arnold Henderson & Associates, c/o Kathy

Wilson Jones, J.D., 116 East Franklin Street, Suite 102, Richmond, Virginia 23219 within twenty-eight (28) days pursuant to the rules of the Supreme Court of Virginia.

1. Copies of any and all statements taken from any eyewitnesses to the accident now sued upon.

**RESPONSE:**

2. Copies of any and all statements taken by any person including but not limited to any representative of Walmart or Walmart Supercenter #2295.

**RESPONSE:**

3. Copies of any and all statements taken from the plaintiff whether written or verbal.

**RESPONSE:**

4. Copies of any and all cell phone footage, police body cam footage, video and/or audio recordings, pictures, still or motion, videotapes or other photographic representation taken of the slip and fall involved in this incident.

**RESPONSE:**

5. Copies of any report of slip and falls in the area where this incident occurred for the five-year period prior to date of this incident and during the two year period subsequent to the date of this incident.

**RESPONSE:**

6. Copies of any documents describing or referring to the system or routine of inspecting and/or maintaining the floors or walking surfaces of the area where this incident occurred in effect as of the date of this incident.

**RESPONSE:**

7. Copies of any agreement between named defendants and any individual or entity hired to assist with the maintenance or care of the area where this incident occurred.

**RESPONSE:**

8. All documents, records, pictures, or videotapes of any nature pertaining to any surveillance or observation of the plaintiff.

**RESPONSE:**

9. Copies of any and all documents referring to or describing any repairs, replacements or alterations or estimates of repair concerning to the floor where this incident occurred which were performed either before or after this incident occurred.

**RESPONSE:**

10. Photographs of the area where the subject incident occurred taken within one hour of the occurrence of the incident.

**RESPONSE:**

11. Any surveillance video showing the area of the incident shortly before, during and after the incident occurred.

**RESPONSE:**

12. Any photographs which depict any foreign or transitory substance on the floor in the area in between the cash registers and the customer service area where plaintiff fell.

**RESPONSE:**

13. Leases in effect between defendants as of September 12, 2022.

**RESPONSE**

14. A copy of all documents referred to and relied upon by you in answering your Interrogatories.

**RESPONSE:**

15. A copy of all insurance policies (including declaration sheets) providing coverage for this claim and referenced in Interrogatory No. 1, to include third party or umbrella coverage.

**RESPONSE:**

16. All medical records, employment records or other documents obtained by subpoena duces tecum or other discovery during the course of this litigation.

**RESPONSE:**

17. Any and all documents which defendant will attempt to introduce at trial.

**RESPONSE:**

18. Any document prepared during the regular course of business as a result of the incident complained of in the Plaintiff Scott's Complaint.

**RESPONSE:**

19. Any report prepared by an expert detailing or opining about the injuries claimed by the plaintiff.

**RESPONSE:**

20. All correspondence which you received from your insurance carrier concerning the accident, to include, but not limited to "reservation of rights" letters, "denial of coverage" letters, premium letters, invoices and the like.

**RESPONSE:**

21. Any incident report or other documentation prepared by any person, in your possession, which describes, depicts, or otherwise memorializes the accident in question.

**RESPONSE:**

22. If any documents are being withheld claimed on the grounds of a claimed privilege, identify or describe each document in accordance with Rule 4:1(b)(6) of the Rules of the Supreme Court of Virginia so that the propriety of the claim or privilege can be evaluated.

**RESPONSE:**

23. Printouts of any and all social media posts by the plaintiff or pertaining to the plaintiff.

**RESPONSE:**

**SHELIA R. SCOTT**

By: ______________________
Counsel

Arnold R. Henderson, Esquire (VSB# 24542)
**ARNOLD HENDERSON & ASSOCIATES**
116 East Franklin Street, Suite 102
Richmond, Virginia 23219
(804) 644-9600-Office
(804) 644-9603-Fax
E-Mail: ahenderson@arnoldhenderson.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Plaintiff's Complaint, Plaintiff's First Request for Admissions to Defendants, Plaintiff's First Set of Interrogatories to Defendants, and Plaintiff's First Request for Production of Documents to Defendants was mailed to C. Douglas McMillion, President, Walmart, Inc. and to C. Douglas McMillion, President, Wal-Mart Stores East, LP, 702 S.W. 8th Street, Bentonville, AR 72716, C T Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060-6808, Registered Agent, on this 2 oth day of February 2024 by first class mail postage prepaid.

Counsel for Plaintiff

Arnold R. Henderson, Esquire (#24542)
**ARNOLD HENDERSON & ASSOCIATES**
116 E. Franklin Street, Suite 102
Richmond, Virginia 23219
(804) 644-9600-Office
(804) 644-9603- Fax
ahenderson@arnoldhenderson.com